**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM LEONARD CHERRY, JR.,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-209-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner William Leonard Cherry, Jr., TDCJ-ID #895800, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in Livingston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued on Respondent.

C. FACTUAL AND PROCEDURE HISTORY

Cherry is serving a 99-year sentence for a 1999 conviction for aggravated sexual assault of a child younger than 14 years of age in 355th Judicial District Court of Hood County, Texas. (Petition at 2.) The Second District Court of Appeals of Texas affirmed his conviction on June 28, 2001.[1] Thereafter, Cherry pursued both state and federal habeas corpus relief, to no avail. By way of this petition, Cherry challenges the same conviction and the state court's denial of his motion for postconviction forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure in state court. (*Id.* at 7-8; Pet'r Memorandum of Law.) Cherry's previous federal petition for writ of habeas corpus was dismissed with prejudiced on limitations grounds on October 25, 2004. This petition was filed on March 27, 2007.

D. SUCCESSIVE

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[2] Further,

---

[1] The court takes judicial notice of the state court records filed in Cherry's prior federal habeas corpus action. *Cherry v. Dretke*, Civil Action No. 4:04-CV-0483-A.

[2] Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2

before a subsequent petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *Id.* § 2244(b)(3). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication); *Somerville v. Cockrell*, No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) (not designated for publication).

From the face of this petition, it is apparent that this is a successive petition, and Cherry has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). *See also Kutzner v. Cockrell*, 303 F.3d 333, 338-39 (5th Cir.), *cert. denied*, 536 U.S. 978 (2002) (holding that § 2254 petition challenging denial of motion for DNA testing constituted successive habeas petition). This court is, therefore, without jurisdiction to consider the petition. *Id.*; *Hooker*, 187 F.3d at 681-82. Cherry must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000); *Rogers v. Cockrell*, No.4:02-CV-954-Y, 2003 WL 21246099, at *2 (N.D. Tex. Apr. 14, 2003).

## II. RECOMMENDATION

Cherry's petition for writ of habeas corpus under 28 U.S.C. §2254 should be dismissed without prejudice to Cherry's right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 23, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 23, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 2, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE